STEINER MANUFACTURING COMPANY, PLAINTIFF-AP-
PELLEE, v. JOSEPH KOCHANIEWICZ, DEFENDANT-
APPELLANT.

Argued January term, 1925—Decided April 23, 1925.

Contracts—Agreement Contained Provision to "Ship as Soon as
Convenient, Subject to Strikes, Accidents or Other Delay"—
Claim That Salesman Promised Goods on a Day Certain—
Not a Part of Written Contract—Evidence Falls Short of
Establishment of Fraud.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the defendant-appellant, Charles Rubenstein.

For the plaintiff-appellee, R. Lewis Kennedy.

PER CURIAM.

The defendant below signed a contract to purchase a meat
chopper from plaintiff. The first words of the order, which
was not accepted by the plaintiff, are: "Please ship as soon as
convenient, subject to strikes, accidents or other delay." The
order was dated February 28th, 1924. The plaintiff was in
St. Louis, Missouri. The agent who took the order was not
authorized to accept it for the company. The defendant in
the agreement acknowledged receipt of a duplicate of the
agreement. The plaintiff proved the contract, payment of
$31.50 of the purchase price and a tender of the machine on
March 11th.

The defense was that defendant was induced to enter into
the contract on the false representation of the agent who
made the sale. After the evidence on this point had been
introduced, the judge, deeming it insufficient, directed a ver-
dict for the plaintiff. From the judgment entered on a ver-
dict, in accordance with the direction, this appeal is taken.

The defense, in its proof, falls short of the proof required
to defeat the agreement. This evidence, in substance, was
that the defendant told the salesman that the machine was

to be delivered by Saturday, March 1st, when he intended to open his new store, which could not be opened without the machine, and that he would not buy the machine unless he could get it by that date. That the salesman replied that the machine was on hand, and delivery could be made the next day, or, the latest, March 1st.

That defendant went to his other store and the salesman followed, and said he had neglected to have defendant sign a paper which he needed to show he had made a sale. That the papers were filled out and prepared when the salesman came around. The man requested a check for $31.50, which was given. When the salesman handed him the papers to sign, defendant asked if the paper provided that the machine would be delivered March 1st, and the saleman replied that it did. Defendant then signed without reading the paper. Not receiving the machine March 1st, defendant stopped payment on the check, and when the machine came, March 11th, he refused to receive it, because not delivered March 1st.

It is now claimed that March 11th (implied from the words "at your convenience") presented a question for the jury under the written contract, and that the evidence of fraud should have been submitted.

The defendant, however, knew that he was dealing with a St. Louis concern, and that his contract could not be accepted by the salesman; that but two days intervened between February 28th and March 1st, one of which was Sunday. The defendant knew he was signing a contract, and it was his duty to read it before signing it. Not having done so, he was bound by all its terms, unless he made out by clear and convincing proof that material fraud was practiced on him. *Edison Co.* v. *Thirty-two Defendants,* 3 *N. J. Mis. R.* 174.

Had he read the paper he would have found that the salesman could made no representation binding on the plaintiff. The power to sell did not carry a power to make representations binding the plaintiff in the absence of proof of authority. A special agent to sell has only limited powers in this direction. *Cooley* v. *Perrine,* 41 *N. J. L.* 322; *affirmed,* 42 *Id.* 623.

Here the authority to bind the principal was forbidden by the contract, which the defendant signed and which it was his duty to read.

We think the proof therefore falls short of the legal standard required to establish fraud. It is a representation amounting only to the statement that the machine could be delivered by March 1st, and, further, that the contract contained that provision when the first line of the instrument informed the defendant that this was not so. It is clear that he saw enough of the contract when brought to him to know that fact, for he said the contract was all made out when the salesman brought it to him. This proof presented a case in nowise stronger than in *Fivey* v. *Railroad, 67 N. J. L.* 627, where it was held insufficient to avoid the contract.

The judgment will therefore be affirmed.