## MRS. H. H. WHITTLESEY, Appellant, v. GEORGE A. DRAKE, Respondent.

[253 Pac. 621.]

BILLS AND NOTES—HOLDER IN DUE COURSE—EVIDENCE.

1. Where answer in action on note pleaded conditional delivery and failure of consideration and knowledge of such facts by plaintiff claiming to be a holder in due course, evidence of affirmative defense was properly admitted.

2. In absence of evidence showing that plaintiff, in action on note, did not take the note in due course, or showing notice of facts constituting equities or defenses, or such circumstances that act in taking note amounted to bad faith, plaintiff was entitled to directed verdict.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action on promissory note. Judgment for defendant Drake. *Reversed and remanded.*

J. H. Peterson and T. C. Coffin, for Appellant.

Where there is no circumstance and no evidence tending to contradict the evidence of the plaintiff to the effect that she is a holder in due course, the court errs in allowing the matter to be submitted to the jury in the face of a motion for a directed verdict by the plaintiff. (*First Nat. Bank v. Pond*, 39 Ida. 770, 230 Pac. 344.)

W. D. Gillis, for Respondent, files no brief.

Publisher's Note.

See Bills and Notes, 8 C. J., sec. 1261, p. 963, n. 67; sec. 1295, p. 989, n. 2; sec. 1376, p. 1062, n. 63, p. 1063, n. 64.

TAYLOR, J.—Appellant sued upon a promissory note given by defendant Drake to Northwestern Investment Company, alleged purchased by her as a holder in due course. The appeal is from a judgment rendered on verdict for the defendant.

[1] The execution of the note was admitted, but as an affirmative defense the answer pleads a conditional delivery, and failure of consideration, which, in the hands of the original holder, would have been a good defense; and, as it pleads also knowledge and notice of these facts by the plaintiff, appellant's first assignment of error, in admitting evidence of the affirmative defense over objection, is, therefore, not well taken.

Appellant assigns as error denial of her motion for a directed verdict upon the ground that "there is no evidence here to contradict the good faith of the purchase on the part of the plaintiff," and contends that " . . . . There is no circumstance and no evidence tending to contradict the evidence of the plaintiff to the effect that she is a holder in due course . . . . ," and that the court therefore erred in allowing the matter to be submitted to the jury.

[2] We have thoroughly examined the evidence. The respondent has submitted no brief. We have thus been deprived of any help in support of respondent's case. There is no evidence to support a verdict that the plaintiff did not take the note in due course, nor is there shown any notice to the purchaser of either facts constituting the equities or defenses, or such circumstances that her acts in taking the paper amounted to bad faith. (*First Nat. Bank v. Pond,* 39 Ida. 770, 230 Pac. 344; *Winter v. Nobs,* 19 Ida. 18, Ann. Cas. 1912C, 302, 112 Pac. 525; 8 C. J., p. 988, sec. 1295.)

The court therefore erred in not directing a verdict for the plaintiff.

The judgment is reversed, and the cause remanded with instructions to the trial court to enter judgment for plain-

tiff. (*Exchange State Bank v. Taber,* 26 Ida. 723, 145 Pac. 1090.) Costs to appellant.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.