829 P.2d 1333

**Donald PANCOAST, Plaintiff–Appellant,**

v.

**INDIAN COVE IRRIGATION DISTRICT, Defendant– Respondent.**

No. 18819.

Supreme Court of Idaho,
Boise, January 1992 Term.

March 24, 1992.

Rehearing Denied June 1, 1992.

Matthews Law Offices, Boise, for appellant. Ellison M. Matthews argued.

Hall & Friedly, Mountain Home, for respondent. Perce E. Hall argued.

JOHNSON, Justice.

This case concerns an award of attorney fees pursuant to I.C. § 12–120(1). We hold that a trial court may not award attorney fees under this statute unless the amount pleaded is $25,000 or less, even if the proof offered at trial indicates damages of $25,000 or less.

I.

THE BACKGROUND AND PRIOR PROCEEDINGS.

Donald Pancoast sued Indian Cove Irrigation District (Indian Cove), alleging that Indian Cove failed to supply sufficient water to him during the 1987 irrigation season and that this failure caused Pancoast crop damage "in an amount in excess of $10,000." In their pleadings, Pancoast and Indian Cove each requested attorney fees without specifying the basis upon which they sought the award.

Pancoast testified at trial that his crop damages were approximately $16,000. The jury found in favor of Indian Cove. The trial court awarded attorney fees to Indian Cove pursuant to I.C. § 12–120(1), because the damages proven at trial indicated Pancoast claimed damages of $25,000 or less. Pancoast appealed the attorney fees award.

II.

THE TRIAL COURT SHOULD NOT HAVE AWARDED ATTORNEY FEES PURSUANT TO I.C. § 12– 120(1).

Pancoast asserts that the trial court should not have awarded attorney fees to Indian Cove pursuant to I.C. § 12–120(1), because Pancoast did not plead damages in an amount of $25,000 or less. We agree.

I.C. § 12–120(1) provides:

**12–120. Attorney fees in civil actions.**—(1) Except as provided in subsection (3) of this section, in any action where the amount pleaded is twenty-five

thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees. For the plaintiff to be awarded attorney fees, for the prosecution of the action, written demand for the payment of such claim must have been made on the defendant not less than ten (10) days before the commencement of the action; provided, that no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety-five per cent (95%) of the amount awarded to the plaintiff.

This statute does not authorize a trial court to award attorney fees unless the amount "pleaded" is $25,000 or less. Pancoast pleaded damages in "an amount in excess of $10,000." Although the proof submitted by Pancoast at trial was for damages of less than $25,000, I.C. § 12–120(1) does not authorize the substitution of "the amount proved" for "the amount pleaded."

■ Other statutes enacted by the legislature demonstrate that the legislature understands the meaning of the terms "pleaded" or "plead" in the procedural sense in which I.C. § 12–120(1) refers to "the amount pleaded." *E.g.,* I.C. §§ 7–709, 12–117(5), 33–2405, 41–232(5), 41–334, 41–1231(2), 41–1840(1), 45–1503(3), and 63–2309. Therefore, we will not construe the statute to refer to something different from what the legislature specified.

### III.

### CONCLUSION.

Indian Cove also requested the trial court to award attorney fees pursuant to I.C. § 12–121 on the ground that Pancoast brought and pursued the action frivolously. The trial court did not make the necessary findings to support an award of attorney fees under this statute. *See* I.R.C.P. 54(e)(1) ("[A]ttorney fees under section 12–121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation.") Therefore, we will not consider this alternative basis for an award of attorney fees to Indian Cove.

Indian Cove has argued on appeal that the trial court could have awarded attorney fees pursuant to I.C. § 12–120(3). Indian Cove did not, however, request the trial court to award attorney fees under this statute. Therefore, we will not consider this question on appeal.

We reverse the trial court's attorney fees award and award costs on appeal to Pancoast.

BAKES, C.J., and BISTLINE and McDEVITT, JJ., concur.

BOYLE, Justice, dissenting.

I respectfully dissent from the majority opinion because, in my view, I.C. § 12–120(1) is remedial in nature and should be liberally construed consistent with the legislature's intent. The objective of the legislature in enacting I.C. § 12–120(1) was to provide litigants in cases involving lesser amounts the ability to be made whole by allowing the prevailing party to collect attorney fees. *See Swanson & Setzke v. Henning,* 116 Idaho 199, 774 P.2d 909 (Ct. App.1989), which provides that the purpose of I.C. § 12–120 is to assist litigants in obtaining counsel by providing a potential source of fees in meritorious cases.

To the extent I.C. § 12–120(1) provides a right to litigants in cases involving small dollar amounts and furthers the public interest in providing adequate remedies to those involved in such cases, I.C. § 12–120(1) is a remedial statutory provision and as such should be liberally construed. *See Doggett v. Electronics Corp. of America,* 93 Idaho 26, 454 P.2d 63 1969); *Franklin v. State,* 87 Idaho 291, 392 P.2d 552 (1964).

In my view, the majority's code pleading approach places form over substance and disregards the purpose of the statute. As a result of the majority's decision today, a plaintiff desiring to bring a claim in the

district court must plead damages "in excess of $10,000, but less than $25,000" in order to satisfy the jurisdictional amount and also come within the protection of I.C. § 12–120(1). Such a hypertechnical pleading requirement as adopted by the majority is unsupportable. *See* I.R.C.P. 9(g).[1]

Furthermore, although the language utilized in I.C. § 12–120(1) indicates the remedy is available to both plaintiffs and defendants, the majority's ruling places defendants at the mercy of a plaintiff's complaint irrespective of the actual amount of the claim asserted by the plaintiff. This unjustly denies a defendant the protection of I.C. § 12–120(1) even though that party has no control over the amount plead by the plaintiff.

In the instant case the prevailing irrigation company could not possibly have complied with or satisfied the requirements of the majority's narrow interpretation of I.C. § 12–120(1). The irrigation district did not file a counterclaim affirmatively seeking damages but was simply the defending party. It was the plaintiff that alleged damages and, after being served with the complaint, the irrigation district filed an answer denying the alleged damages and prayed for an award of attorney fees in the event it prevailed. By holding that a trial court is not authorized to award attorney fees unless the amount actually "pleaded" is $25,000 or less, the majority's unsupportable interpretation deprives the prevailing irrigation district of an award of attorney fees to which it is entitled.

In my view, the potential for abuse in pleading, and this Court's obligation to effectuate the intent of the legislature, mandates a different approach. Where the amount plead in the complaint is ambiguous and where a defendant prevails, as was the case here, the evidence admitted at trial should be considered by the trial court in determining whether the remedial provisions of I.C. § 12–120(1) apply. By applying the statute in this manner, a prevailing

defendant is not prejudiced or limited by a plaintiff's pleadings and the legislature's purpose in enacting I.C. § 12–120(1) will be carried out. Only in this manner will both parties stand on equal ground as relates to an award of attorney fees under the statute.

I would affirm the district court's award of attorney fees pursuant to I.C. § 12–120(1). Accordingly, I respectfully dissent.

---

1. I.R.C.P. 9(g) provides:
   **Rule 9(g).**—When items of special damage are claimed they shall be identified by category and the specific dollar amount may be stated. When items of general damage or punitive damages are claimed, no dollar amount or figure shall be included in the complaint beyond a statement reciting that the jurisdictional amount established for filing the action is satisfied.