942 P.2d 550

Gary LOFTUS, Plaintiff–Appellant–Cross–Respondent,

v.

SNAKE RIVER SCHOOL DISTRICT, Defendant–Respondent–Cross–Appellant.

No. 23147.

Supreme Court of Idaho, Boise, May 1997 Term.

July 21, 1997.

Rehearing Denied Aug. 27, 1997.

John E. Rumel, Boise, for Plaintiff–Appellant.

Holden, Kidwell, Hahn & Crapo, P.L.L.C., Idaho Falls, for Defendant–Respondent. Dale W. Storer argued.

McDEVITT, Justice.

This is a wage claim case arising from the suspension of appellant, Gary Loftus (Loftus), who was a teacher at Snake River Junior High School (SRJH). Loftus appeals the decision of the district judge finding that respondent, the Snake River School District (District), had the authority to suspend Loftus without pay pursuant to I.C. § 33–513.

## I.

### FACTS AND PRIOR PROCEEDINGS

It is undisputed in this case that on November 1, 1994, Loftus and a student of SRJH had a confrontation that resulted in the Board of Trustees of the District (Board) conducting a hearing on December 13, 1995, regarding Loftus's conduct. Loftus was subsequently suspended by the Board for two days without pay.

Loftus filed a complaint against the District requesting the magistrate division of the district court award Loftus three times the amount of Loftus's unpaid wages and enter declaratory judgment that the Board did not have the power to suspend Loftus without

pay pursuant to I.C. §§ 45–609(1) and 33–513.

Loftus and the District filed cross-motions for summary judgment. The magistrate judge entered a memorandum decision finding that Loftus was not required to institute a grievance proceeding prior to filing his court action and that the Board did not have the legal authority to suspend Loftus without pay. The magistrate judge concluded that the Board was subject to the wage claim provisions of the Idaho Code. The magistrate judge granted Loftus's motion for summary judgment.

The District appealed to the district court. The district judge reversed the decision of the magistrate judge and remanded the case to the magistrate judge. Loftus appealed and the District cross-appealed to this Court.

## II.

### STANDARD OF REVIEW

This Court reviews a lower court's ruling on motion for summary judgment by applying the same standard properly applied by the lower court when originally ruling on the motion. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994). When faced with an appeal from summary judgment, this Court must determine whether pleadings, depositions, and admissions on file, together with affidavits, show there was no genuine issue as to any material fact, and that the moving party was entitled to judgment as a matter of law. *City of Sun Valley v. Sun Valley Co.*, 128 Idaho 219, 221, 912 P.2d 106, 108 (1996). The nonmoving party is to be given the benefit of all favorable inferences which reasonably might be drawn from the evidence and all doubts are to be resolved against the moving party. *Stevenson*, 125 Idaho at 272, 869 P.2d at 1367. This Court exercises free review over questions of law. *Downey Chiropractic Clinic v. Nampa Restaurant Corp.*, 127 Idaho 283, 285, 900 P.2d 191, 193 (1995).

In *Brown v. Perkins*, 129 Idaho 189, 923 P.2d 434 (1996), this Court held that when both parties file a motion for summary judgment relying on the same facts, issues, and theories, the parties essentially stipulate that there is no genuine issue of material fact which would preclude the district court from

entering summary judgment. *Brown*, 129 Idaho at 191, 923 P.2d at 436.

## III.

### THE BOARD HAD THE AUTHORITY TO SUSPEND LOFTUS WITHOUT PAY UNDER I.C. § 33–513

The District argues that I.C. § 33–513 authorizes the District to suspend Loftus without pay. Idaho Code § 33–513 provides that the Board

shall have the following powers and duties:

. . .

5. To suspend, grant leave of absence, place on probation or discharge certificated professional personnel for a material violation of any lawful rules or regulations of the board of trustees or of the state board of education, or for any conduct which could constitute grounds for revocation of a teaching certificate.

I.C. § 33–513(5). "Suspend" is defined as "to debar temporarily from a privilege, office, or function" and "to stop payment or fail to meet obligations." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1187 (10th ed. 1993). The authority "to suspend" is among the powers expressly granted to the Board. Idaho Code § 33–513 contains no words of limitation that would preclude temporary suspensions without pay. We hold that the Board was empowered by state law, I.C. § 33–513, to suspend Loftus without pay. *See Hunting v. Clark County Sch. Dist.*, 129 Idaho 634, 639–40, 931 P.2d 628, 633–34 (1997) (holding the school district was acting within its express powers).

Counsel for Loftus stated during oral argument before this Court that Loftus does not argue that the Board denied Loftus his due process rights. Therefore, we do not address the issue of whether there was an unjustified loss of pay in this case.

## IV.

### LOFTUS WAS NOT REQUIRED TO EXHAUST THE GRIEVANCE REMEDY SET FORTH IN THE AGREEMENT PRIOR TO PURSUING A JUDICIAL REMEDY FOR WAGE PAYMENT

The District argues on cross-appeal that the magistrate judge erred in ruling that

the grievance procedure, set forth in Article XVII of the agreement between the Snake River Education Association and the District, allowed but did not require the use of the grievance procedure. We disagree.

The terms of the agreement regarding the grievance procedure indicate that the grievance procedure was not mandatory and failure to utilize the grievance procedure would not prevent an employee from seeking a judicial remedy. Section 1, Article XVII of the agreement sets forth the purpose of the grievance procedure:

A grievant who believes his/her individual rights have been violated may use this grievance procedure for redress.

Section 5.6 of Article XVII states:

Utilization of this Grievance Procedure is not intended to deprive an individual of seeking redress through the courts, if they so desire.

Section 4.5.5 of Article XVII states that "[t]he report of the arbitrator shall be advisory only."

We conclude that it was not necessary for Loftus to file and pursue a grievance action provided for in the agreement before filing suit in the magistrate division of the district court.

## V.

## THE DISTRICT IS ENTITLED TO AN AWARD OF ATTORNEY FEES UNDER I.C. § 12–120(1)

█ The District argues that the district court abused its discretion in denying the District attorney fees. The district court denied the District's request for attorney fees pursuant to I.C. § 12–120 on the grounds that the District failed to specifically plead an amount less than $25,000. The district court relied upon the holding in *Pancoast v. Indian Cove Irrigation Dist.*, 121 Idaho 984, 829 P.2d 1333 (1992). In *Pancoast*, this Court held that "I.C. § 12–120(1) does not authorize the substitution of 'the amount proved' for 'the amount pleaded.'" *Pancoast*, 121 Idaho at 985, 829 P.2d at 1334.

In *Pancoast* the party requesting attorney fees was the defendant and the plaintiff plead

damages in "an amount in excess of $10,000." *Pancoast*, 121 Idaho at 985, 829 P.2d at 1334. In the present case Loftus requested judgment as follows:

1. On his First Claim for Relief, as damages, three times the amount of unpaid wages due and owing to Mr. Loftus, including but not limited to three times the amount of both the $110.30 in wages, and any additional wages, withheld by the School District from Mr. Loftus' pay checks in connection with its decision to suspend Mr. Loftus without pay.

Loftus's first claim for relief stated that based upon Loftus's employment contract with the District, Loftus's wages for two days amounted to $386.02. The amount plead in this case was clearly less than $25,000.

The district court abused its discretion in denying the District attorney fees. As the prevailing party in this case, the District is entitled to attorney fees before the district court and on appeal under I.C. § 12–120(1). *Department of Health and Welfare, ex rel. Osborn v. Altman*, 122 Idaho 1004, 1009, 842 P.2d 683, 688 (1992).

## VI.

## CONCLUSION

We affirm the district court's finding that the District had the authority under I.C. § 33–513 to suspend Loftus without pay. We reverse the decision of the district court denying the District attorney fees on appeal and remand for proceedings consistent with this opinion. We award costs and attorney fees on appeal to the District.

TROUT, C.J., and JOHNSON and SCHROEDER, JJ., concur.

SILAK, Justice, concurring in the result.

I concur in the result reached by the Court's opinion, but write to clarify that a suspension without pay under I.C. § 33–513 does not necessarily constitute the withholding of wages under I.C. § 45–609.

I.C. § 45–609 reads in pertinent part as follows:

No employer may withhold or divert any portion of an employee's wages unless:

1. The employer is required or empowered to do so by state or federal law, . . . .

The Court has determined that I.C. § 33–513 empowers the District to suspend Loftus without pay; thus, Loftus' wage claim under I.C. § 45–609 fails. The Court assumes arguendo that a suspension without pay could fall under the prohibition against withholding of wages, but does not decide that issue. No prior decision of this Court has deemed that a suspension without pay would amount to a withholding of wages subject to the provisions of I.C. § 45–609, and this opinion should not be read as implying that it would be.

I do not believe that the Court needs to decide, under Part IV above, that Loftus was not required to exhaust the grievance remedy of the collective bargaining agreement before pursuing a remedy under the Wage Claim Statute in the magistrate division. The Court's decision in Part III is completely dispositive of the wage claim issue, and therefore Part IV is dicta.

Moreover, the District raised the issue on cross-appeal as to whether the magistrate court erred in determining that the District is subject to liability, including treble damages, under the Wage Claim Statute. The Court's decision here does not decide the issue due to its interpretation of I.C. § 33–513. However, I am concerned the Court's statement that Loftus could pursue the judicial remedy of the wage claim statute without filing a grievance could be read as implying that the magistrate judge was correct in ruling that the District was subject to wage claim liability. That issue has never been squarely addressed by this Court, and in my view is not decided even by implication here.