132 P.3d 428

**R. Todd GILLESPIE and Corrine L. Gillespie, Plaintiffs–Respondents,**

v.

**MOUNTAIN PARK ESTATES, L.L.C., and Darris A. Ellis, Defendants–Appellants.**

No. 31805.

Supreme Court of Idaho, Boise, February 2006 Term.

March 20, 2006.

As Amended March 22, 2006.

Racine, Olson, Nye, Budge & Bailey Chartered, Boise, for appellants. David E. Alexander argued.

Lowell N. Hawkes, Pocatello, for respondents.

EISMANN, Justice.

This is an appeal from a judgment finding the Defendants liable for fraud based upon the breach of a promise to repurchase a building lot if the buyers later decided they did not want the lot. Because the facts found by the district court do not support a finding of fraud, we reverse the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

In 1997, Todd and Corrine Gillespie met with Darris Ellis, a homebuilder in the Pocatello area, to discuss acquiring a home in the future. Ellis's business is incorporated as Ellis Construction—Lifestyle Homes, Inc. Because Todd Gillespie was completing his final year of education, the Gillespies thought it would be a year before they could afford a home. The Gillespies were interested in having a home in a particular subdivision, which was being developed by Mountain Park Estates, L.L.C., a partnership formed by Ellis and another. Ellis told the Gillespies that the lots in that subdivision were "hot" and would be sold if the Gillespies waited. He suggested that they purchase a lot and then look into having a house built on it when they were financially able to do so. Todd Gillespie expressed concerns about purchasing the lot without knowing for sure that they would later be financially able to build on it. Ellis stated that he would buy the lot back if they later decided not to build on it.

On July 31, 1997, the Gillespies signed a contract to purchase the lot for $23,000. They were to pay $2,500 in cash and sign an interest-bearing promissory note for the balance of $20,500, payable in monthly installments. When they met with Ellis to close the transaction, they were presented with the promissory note containing a provision stating, "If Ellis Construction does not build the home there will be a $5,000.00 additional payment for lot release." When questioned about the provision, Ellis stated that it was simply to protect him if the Gillespies chose another builder to construct their home. Ellis also stated that the $5,000 additional payment would not apply if Ellis repurchased the lot as he had agreed.

In mid–1998, the Gillespies notified Ellis that they did not want to build on the lot and asked him to buy it back. Ellis responded by letter that he and his partner "are not in a position at the present time to purchase back the lot, for we have invested the money in which [sic] we received to pay for the improvements of this lot as well as the others on Teewinot Street."

The Gillespies sold the lot to another builder, and at Ellis's direction the escrow agent withheld $5,000 from the proceeds of the sale. The Gillespies then brought this action to recover the $5,000. The case was tried on July 19, 2000, and the district judge found that they were entitled to the money on the theory of promissory estoppel. The district court also awarded them attorney fees under Idaho Code § 12–120(3) on the ground that this was a commercial transaction.

The Defendants appealed, and we vacated the judgment because the doctrine of promissory estoppel had no application to the facts of this case. *Gillespie v. Mountain Park Estates, L.L.C.,* 138 Idaho 27, 56 P.3d 1277 (2002). We noted that the district court had not addressed the Gillespies' claim of fraud, and we remanded the case for the district court to consider that claim.

On remand, the district court supplemented its prior findings of fact with some additional findings specific to fraud and entered judgment in favor of the Gillespies for $5,000 plus interest and attorney fees. The Defendants again timely appealed.

## II. ISSUES ON APPEAL

A. Do the district court's findings of fact support a claim for fraud?

B. Is either party entitled to an award of attorney fees on appeal?

## III. ANALYSIS

### A. Do the District Court's Findings of Fact Support a Claim for Fraud?

The fraud claim was based upon Ellis's breach of his promise to repurchase the lot if the Gillespies decided not to build on it. As a general rule, fraud cannot be

based upon statements promissory in nature that relate to future actions or upon the mere failure to perform a promise or an agreement to do something in the future. *Pacific States Auto. Fin. Corp. v. Addison,* 45 Idaho 270, 261 P. 683 (1927). The allegedly false representation must concern past or existing material facts. *Maroun v. Wyreless Systems, Inc.,* 141 Idaho 604, 114 P.3d 974 (2005). We have recognized two exceptions to the general rule that fraud cannot be based upon the mere failure to perform a promise. One exception is if the speaker made the promise without any intent to keep it, but to induce action on the part of the promisee. *Pocatello Sec. Trust Co. v. Henry,* 35 Idaho 321, 206 P. 175 (1922). The second exception is if the promise was accompanied by statements of existing fact which show the promisor's ability to perform the promise and those statements were false. *Id.*

In this case, the district court did not rely upon the first exception. It did not find that Ellis had no intent of repurchasing the lot at the time he promised to do so. It based its finding of fraud on the second exception, as follows:

> The Court [in *Pocatello Security Trust Co. v. Henry,* 35 Idaho 321, 206 P. 175 (1922)] stated: "Some of the defensive matters pleaded in avoidance of this agreement relate to promises that were to be performed in the future. Standing alone, they might not afford equitable ground for a rescission of this contract. But some of them were as to existing facts, and the representations as to others were so coupled with existing facts as to bring such representation within the rule announced in the foregoing cases, to the effect if the promise is accompanied by a statement of existing facts which show the ability of the promisor to perform his promise, and without which the promise would not have been accepted or acted upon, such statements are representations, and if falsely made, are grounds for avoiding the contract, though the thing promised to be done lies wholly in the future." See *Pocatello Security T. Co. v. Henry,* 35 Idaho at 331, 206 P. 175

Darris Ellis made an oral representation that he or the development company would buy back the lot at any time if Plaintiffs decided not to build. He also represented that several other persons were interested in the lots and that they were "hot lots." This Court must conclude that those representations were so coupled with existing facts that they show an ability of Ellis to perform on his promise and therefore, the representations were representations of fact for considering the elements of fraud.

This is the only additional factual finding made by the district court. Its addition to the district court's prior findings of fact does not support a finding of fraud.

The district court only identified one representation of existing fact made by Ellis. As the court found, "He also represented that several other persons were interested in the lots and that they were 'hot lots.'" It is not enough that Ellis made a representation of existing fact in connection with the promise to do something in the future. The representation of existing fact must also have been false. As stated in the district court's quotation from *Pocatello Security Trust Co. v. Henry,* 35 Idaho 321, 331, 206 P. 175, 178 (1922) (emphasis added), "[I]f the promise is accompanied by a statement of existing facts which show the ability of the promisor to perform his promise, and without which the promise would not have been accepted or acted upon, such statements are representations, and *if falsely made,* are grounds for avoiding the contract." The district court did not find that Ellis's statement was false, and the Gillespies admitted during oral argument that they did not even try to prove that it was. Therefore, the district court's finding of fraud is not supported by its findings of fact and must be reversed.

## B. Is Either Party Entitled to an Award of Attorney Fees on Appeal?

■ The Gillespies seek an award of attorney fees under Idaho Code § 12–120(3). Because they are not the prevailing party, they are not entitled to attorney fees under that statute. *Blahd v. Richard B. Smith, Inc.,* 141 Idaho 296, 108 P.3d 996 (2005).

The Defendants seek an award of attorney fees under Idaho Code § 12–120(1). That statute provides for an award of attorney fees to a prevailing defendant "in any action where the amount pleaded is twenty-five thousand dollars ($25,000) or less." The complaint in this action did not plead damages of $25,000 or less. It sought "damages *trebled* in such amount as shown by the evidence but not less than $15,000." (Emphasis in original.) Pleading damages in an amount that is not less than a specified sum is not the same as pleading damages in the amount of $25,000 or less. *Pancoast v. Indian Cove Irr. Dist.*, 121 Idaho 984, 829 P.2d 1333 (1992) (pleading damages in "an amount in excess of $10,000" did not comply with the requirements of Idaho Code § 12–120(1)). Therefore, the Defendants are not entitled to an award of attorney fees under Idaho Code § 12–120(1).

## IV. CONCLUSION

The judgment of the district court is reversed. We award costs on appeal, but not attorney fees, to the appellants.

Justices TROUT, BURDICK and JONES concur.

Chief Justice SCHROEDER dissenting.

Under applicable law as outlined in the Court's opinion the decision of the district court should be affirmed. This case was tried. The district judge had the evidence before him first hand and was able to judge the credibility of the witnesses. The district judge recited the applicable law and determined that the facts before him established the elements of fraud as this Court has outlined them. Specifically the district judge found that Darris Ellis made a representation of fact relating to buying back the lot and not enforcing the penalty clause. Further, that representation was material, was false, and was relied upon by the Gillespies. Taking into account that the district judge recited the applicable law, it is clear that the determination of the district judge was that the representation was false at the time it was made. That is a reasonable inference from the evidence presented.

A reasonable interpretation of the evidence is that the Gillespies were induced into a transaction by a representation that Ellis did not intend to honor when made and did not honor when the time came to live up to his word.