831 P.2d 564

**Joyce CZERWINSKY, aka Joyce Lieske, Plaintiff–Appellant,**

v.

**Dan LIESKE, Defendant–Respondent.**

**No. 19206.**

Court of Appeals of Idaho.

May 4, 1992.

Hines Law Offices of Boise for plaintiff-appellant. Douglas W. Crandall argued.

Elam, Burke & Boyd of Boise for defendant-respondent. Bobbie K. Dominick argued.

SWANSTROM, Judge.

This appeal involves the award of certain costs and denial of attorney fees in a personal injury action. Joyce Czerwinsky, aka Joyce Lieske, appeals from the district court's memorandum decision and order regarding costs and fees. We affirm.

The underlying action arose from an auto accident where Dan Lieske was the driver, and Joyce was the passenger. Joyce's complaint alleged that her damages were in excess of the jurisdictional limits of the magistrate division, but did not plead any maximum amount. A jury found that Dan had negligently caused the accident and awarded Joyce $4,468.18 in damages. Because Joyce had rejected Dan's earlier $5,000 offer of judgment under I.R.C.P. 68, the court awarded Joyce costs of $460.95 incurred prior to the offer and offset against that award $1,301.15 in costs incurred by Dan after the offer of judgment. The district court denied Joyce's request for attorney fees under I.C. § 12–120(1), leaving Joyce with a total recovery of $3,628. Joyce appeals from that order. She seeks attorney fees below and on appeal and an award of additional costs.

## Denial of Attorney Fees

Joyce first claims that the district court wrongfully denied her request for attorney fees under I.C. § 12–120(1). She contends that the district court applied the statutory language too strictly. I.C. § 12–120(1) provides in part,

in any action where the amount pleaded is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees.

Although Joyce concedes that she did not specifically plead damages in an amount of $25,000 or less in her complaint, she maintains that the statutory language of the "amount pleaded" was not meant to require the actual amount to be pleaded, but that it really entails the idea that the amount "claimed" must be $25,000 or less. Joyce asserts that because she had presented a demand letter requesting $25,000 to Dan's insurer more than ten days before commencing the action, she had notified Dan that she was claiming $25,000 in damages.

Joyce further contends that she complied with the pleading requirements of I.C. § 5–335 and I.R.C.P. 9(g), which effectively pro-

hibited her literal compliance with the pleading requirement set forth in I.C. § 12–120(1). Idaho Code § 5–335 provides in part:

In any action for recovery because of personal injury or death, *the claim for relief shall not specify the amount of damages claimed*, but shall, instead, contain a general allegation of damage and shall state that the damages claimed are within any minimum or maximum jurisdictional limits of the court to which the pleading is addressed. At any time after service of the pleading, the defendant may, by special interrogatory, demand a statement of the amount of damages claimed by the plaintiff, which shall be answered within fifteen (15) days. [Emphasis added.]

Idaho Rule Civil Procedure 9(g) reads:

Damages.—When items of special damage are claimed, they shall be identified by category and the specific dollar amount may be stated. When items of general damage or punitive damages are claimed, *no dollar amount or figure shall be included in the complaint* beyond a statement reciting that the jurisdictional amount established for filing the action is satisfied. [Emphasis added.]

Joyce asserts that she did not state a specific dollar amount of damage in her complaint in order to comply with the above-quoted statute and rule. Joyce also contends that, in addition to her demand letter, she gave Dan further notice of her claimed damages approximately three months after the answer was filed by answering Dan's special interrogatory regarding damages and informing him that she was claiming damages in the amount of $25,000.

Dan contends that Joyce essentially "rode the fence" by not stating in her complaint that her damages amounted to $25,000 or less. Dan contends that Joyce did not want to limit herself to $25,000 in damages given a chance for a larger jury verdict, yet she now contends that she never "claimed" more than $25,000 in damages. Dan asserts that because the demand letter intimated that a likely jury verdict would range from $25,000 to $50,-000, and that Joyce would be "willing to accept $25,000 as a settlement," the letter cannot be construed to satisfy the pleading requirement of I.C. § 12–120(1). Dan argues that Joyce's complaint, demand letter, and responses to interrogatories all indicate that she hoped to receive a jury verdict awarding her damages greater than $25,000. We agree. More importantly, however, Joyce did not "plead" damages in the amount of $25,000 or less, notwithstanding her responses to interrogatories or the contents of her demand letter. For this reason, we hold that the district court did not err by refusing to award attorney fees to Joyce.

After oral argument on appeal in this case, our Supreme Court issued *Pancoast v. Indian Cove Irrigation Dist.*, 121 Idaho 984, 829 P.2d 1333 (1992). In *Pancoast*, the trial court awarded the defendant attorney fees pursuant to I.C. § 12–120(1) after a jury found that the defendant was not liable to plaintiff for any damages. Although the plaintiff had pled damages in "an amount in excess of $10,000," the trial court awarded attorney fees because the proof submitted by the plaintiff at trial indicated damages less than $25,000. The Supreme Court reversed, holding that I.C. § 12–120 "does not authorize the substitution of 'the amount proved' for 'the amount pleaded.'" *Id.* at 985, 829 P.2d at 1334. The Court noted that the legislature had indicated in other statutes that it understands the term "plead(ed)" and, therefore, the Court was bound to apply the statute as written. *Id.*

We emphasize that our decision above is not dependent upon *Pancoast*, which is not yet final because of a pending petition for rehearing. Of course, if *Pancoast* were a final decision, we would be constrained to follow it, and in following it, we would reach the same result.

In *Pancoast*, the Supreme Court did not discuss the problem of construing the provisions of I.C. § 12–120(1) with those of I.C. § 5–335 and I.R.C.P. 9(g). Joyce has made the argument here that she did not state a specific dollar amount of damage in her complaint in order to comply with I.C.

§ 5–335 and with Rule 9(g). We believe this argument needs to be addressed. However, we are not persuaded that it was necessary for Joyce to plead a specific amount of damages for purposes of I.C. § 12–120(1), thereby contravening the provisions of I.C. § 5–335 and I.R.C.P. 9(g). Although the language of I.C. § 12–120(1) seems to conflict with I.C. § 5–335 and Rule 9(g), these statutes and rule should be reconciled, if possible, so that the provisions of each will not be nullified. The Rule and I.C. § 5–335 suggest a way to do this. According to the Rule, "no dollar amount or figure shall be included in the complaint beyond a statement reciting that the jurisdictional amount established for filing the action is satisfied." A similar general pleading should suffice to support a claim for attorney fees under I.C. § 12–120(1). For example, the complaint could contain an appropriate general allegation that the plaintiff's claim is within the jurisdictional limits of the district court, or magistrate division thereof. The complaint could separately allege that "plaintiff's claim for damages does not exceed the limit set by I.C. § 12–120(1) and plaintiff is entitled to an award of attorney fees under this statute." We believe that such allegations would satisfy the jurisdictional pleading requirement and also afford a plaintiff—or defendant—an opportunity to recover attorney fees under I.C. § 12–120(1) without contravening I.C. § 5–335 or I.R.C.P. 9(g).

## Award of Costs

We next address Joyce's assignment of error to the district court's award of costs. The court determined that the sum of the costs incurred by Joyce prior to the offer of judgment plus the jury verdict was less than the $5,000 offer of judgment. Joyce asserts that I.R.C.P. 68 requires the inclusion of both attorney fees and costs in the determination of whether the offer of judgment exceeds the amount of recovery. Joyce contends, correctly, that the verdict, her pre-offer costs and her attorney fees would yield an amount greater than the $5,000 offer of judgment. With this reasoning, Joyce argues that the award of Dan's post-offer costs cannot stand.

For purposes of Rule 68, the offer of judgment is "deemed to include all claims recoverable including any attorneys fees *allowable by contract or the law* and costs then accrued." I.R.C.P. 68 (emphasis added). The cost-shifting test set forth in Rule 68 reads:

> If the judgment, including attorneys fees and costs, *finally obtained* by the offeree is not more favorable than the offer, the offeree must pay the costs, as allowed under Rule 54(d)(1), incurred after the making of the offer. [Emphasis added.]

Because the district court correctly determined not to award fees, they cannot be included in the judgment to be weighed against the offer. This plain interpretation allows the rule to effectively protect a defendant against a plaintiff's claim for costs where a reasonable offer of judgment has been made by the defendant, and the verdict recovered by the plaintiff is less favorable than the offer. *See Vulk v. Haley*, 112 Idaho 855, 736 P.2d 1309 (1987) (articulating the purpose of Rule 68).

Because we hold that Joyce was not entitled to attorney fees under I.C. § 12–120(1), and because she has asserted no other basis for an award of attorney fees, the district court did not err in refusing to include any "pre-offer" attorney fees in the Rule 68 calculation. Therefore, the offer of judgment exceeded the total damages awarded to Joyce, and the court did not err in applying the Rule 68 cost-shifting provision. I.R.C.P. 68; *Odziemek v. Wesely*, 102 Idaho 582, 634 P.2d 623 (1981).

In conclusion, Joyce has not shown that the court below erred in denying her request for attorney fees or in the award of costs to Dan. We affirm the district court's memorandum decision and order filed February 6, 1991. We award costs on appeal to respondent, Dan Lieske. No attorney fees awarded.

WALTERS, C.J., and SILAK, J., concur.