874 P.2d 545

### Jack COX, Plaintiff–Appellant,

v.

### Gary MUELLER, Defendant–Respondent.

### No. 20591.

Supreme Court of Idaho;
Twin Falls, March 1994 Term.

May 20, 1994.

Hepworth, Nungester & Lezamiz, Twin Falls, for plaintiff-appellant. Eileen W. McDevitt, argued.

Benoit, Alexander, Sinclair, Doerr, Harwood & High, Ketchum, for defendant-respondent. Robert M. Harwood, argued.

BISTLINE, Justice.

## BACKGROUND AND PRIOR PROCEEDINGS

On May 17, 1991, Jack Cox and Gary Mueller, who worked as car salesmen, engaged in an argument at their mutual place of employment. The argument escalated and ultimately Mueller pushed Cox through a plate glass window. On August 1, 1991, Cox demanded by certified letter $3,000 from Mueller as payment for injuries suffered and medical costs incurred, but Mueller did not respond. Cox filed a complaint against Mueller on September 26, 1991, and an amended complaint on October 17, 1991, seeking (1) reimbursement for medical expenses and economic loss; (2) general damages for Cox's pain, suffering, and other personal injuries as shown by the evidence at trial; and (3) reasonable costs and attorney fees. No statute was cited to support the claim for attorney fees.

During the two-day trial, which commenced on October 6, 1992, Cox did not offer any proof to suggest that he sought more than $25,000 in total damages. During closing argument, Cox's counsel relied on a diagram to illustrate for the jury Cox's medical costs and other damages. She then advised the jury that "[w]e're simply asking that you award a figure of $25,000. We think that that's a very reasonable figure. In fact, we argue it's a conservative figure. If you feel that based upon the testimony that you heard today that higher figures merit, you're free to make those decisions. Those decisions are yours." The jury found that Mueller had committed a battery against Cox and awarded Cox $10,000 monetary damages.

The district court subsequently denied Mueller's motion for judgment notwithstanding the verdict or a new trial. Cox moved for attorney fees pursuant to Idaho Code § 12–120(1) and § 12–121. The district court denied Cox's motion for I.C. § 12–120(1) attorney fees on the grounds that the closing statements made by Cox's counsel waived Cox's right to attorney fees under this subsection. The district court also found that Cox was not entitled to attorney fees pursuant to I.C. § 12–121 since Mueller raised a valid defense. The district court then denied Cox's petition for reconsideration of the denial of attorney fees.

Cox appeals the denial of his request for attorney fees pursuant to I.C. § 12–120(1). Cox seeks attorney fees on appeal pursuant to I.C. § 12–120 and Idaho Appellate Rules 40 and 41. Mueller seeks attorney fees on appeal pursuant to I.C. § 12–120(1).

## ANALYSIS

### Attorney fees pursuant to Idaho Code § 12–120(1) must be included in the pleadings.

Idaho Code § 12–120(1) provides for attorney fees as follows:

**12–120. Attorney Fees for Civil Actions.**—(1) Except as provided in subsection (3) of this section, in any action *where the amount pleaded* is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees. For the plaintiff to be awarded attorney fees, for the prosecution of the action, written demand for the payment of such claim must have been made on the defendant not less than ten (10) days before the commencement of the action; provided, that no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety-five per cent (95%) of the amount awarded to the plaintiff. (emphasis added).

To invoke these mandatory attorney fees, either the plaintiff or the defendant may make the tactical decision to plead $25,000 or less in damages. *See* I.R.C.P. 7(a) (pleadings include complaint and answer). Since this Court presumes that the State legislature understood the meaning of the term "pleading" in the procedural sense when it enacted I.C. § 12–120(1), we have held that a prevailing party cannot claim an entitlement to attorney fees pursuant to this statute unless damages of $25,000 or less actually have been pled. *Pancoast v. Indian Cove Irrigation Dist.*, 121 Idaho 984, 985, 829 P.2d 1333, 1334 (1992).

Cox argues that he and other personal injury plaintiffs whose claims for relief are $25,000 or less are foreclosed from properly invoking I.C. § 12–120(1) by language in I.C. § 5–335 that prohibits a plaintiff from claiming a specific amount of damages. I.C. § 5–335 provides as follows:

**5–335. General Rules of Pleading.—Claims for Relief.**—A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) if the court has limited jurisdiction, a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claims showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which the pleader deems himself or herself entitled. Relief in the alternative or of several different types may be demanded. *In any action for recovery because of personal injury or death, the claim for relief shall not specify the amount of damages claimed, but shall, instead, contain a general allegation of damage* and shall state that the damages claimed are within any minimum or maximum jurisdictional limits of the court to which the pleading is addressed. At any time after service of the pleading, the defendant may, by special interrogatory, demand a statement of the amount of damages claimed by the plaintiff, which shall be answered within fifteen (15) days. The information provided in the response to the special interrogatory shall not be admissible into evidence at trial, nor shall it be communicated to the jury by argument or otherwise, nor shall it affect or limit the verdict rendered by the jury or the judgment issued by the court, in accordance with Idaho Rule of Civil Procedure 54(c). (emphasis added).

■ Because I.C. § 12–120(1) requires a party to specify the maximum amount of damages claimed and I.C. § 5–335 forbids a personal injury plaintiff from claiming a specific amount of damages, the two statutes admittedly are difficult to reconcile. However, it is axiomatic that this Court must assume that whenever the legislature enacts a provision it has in mind previous statutes relating to the same subject matter. *Sutherland Statutory Construction*, § 51.02 (Norman J. Singer ed. 1992). In the absence of any express repeal or amendment, the new provision is presumed in accord with the legislative policy embodied in those prior statutes. *Id.* Therefore, statutes relating to the same subject, although in apparent conflict, are construed to be in harmony if reasonably possible. *Id.; Sampson v. Layton*, 86 Idaho 453, 457, 387 P.2d 883, 885 (1963).

■ Cox argues that this Court should reconcile I.C. § 12–120(1) and I.C. § 5–335 as two similar statutes were reconciled by the Washington Supreme Court in *Beckmann v. Spokane Transit Auth.*, 107

Wash.2d 785, 733 P.2d 960 (1987). In particular, Cox contends that a plaintiff who prevails in a personal injury action is entitled to mandatory attorney fees pursuant to I.C. § 12–120(1) as long as the plaintiff somehow notified the defendant before trial that attorney fees pursuant to this statute would be sought. For example, Cox suggests that a plaintiff can notify the defendant in the plaintiff's answers to the defendant's special interrogatories. Cox also argues that the issue of attorney fees under this statute may be implicitly tried at trial, even if not pled initially or by an amendment to the pleadings.

We are unpersuaded by Cox's arguments. *Beckmann* does not serve as precedent for the decisions of this Court, nor is its rule of law persuasive in light of this State's statutory scheme. Instead, we agree with the solution to the problem posed by these two statutes that was adopted by the Court of Appeals in *Czerwinsky v. Lieske,* 122 Idaho 96, 831 P.2d 564 (Ct.App.1992). In *Czerwinsky,* the Court of Appeals concluded that to comply with both statutes, a personal injury plaintiff should generally allege in his or her complaint that the jurisdictional amount established for filing the action is satisfied. I.R.C.P. 9(g). To invoke the entitlement to attorney fees pursuant to I.C. § 12–120(1), the complaint should also allege that the plaintiff's claim for damages does not exceed the limit established by I.C. § 12–120(1) and that the plaintiff is entitled to an award of attorney fees pursuant to this statute. *Czerwinsky v. Lieske,* 122 Idaho at 99, 831 P.2d at 567. Since this allegation will not specify the precise amount of damages claimed by the plaintiff, it will not violate I.C. § 5–335. We are convinced that the rule outlined in *Czerwinsky* is more sound than every conceivable alternative and accordingly, we adopt it here.

Cox argues that the compromise reached in *Czerwinsky* elevates form over substance and is unfair to personal injury plaintiffs with small damage claims. We disagree. Writing a demand letter, answering a defendant's interrogatories, and other methods of notifying a defendant that a personal injury plaintiff upon prevailing will seek mandatory attorney fees under I.C. § 12–120(1) are an inadequate substitute for a proper pleading. The obvious purpose of I.C. § 12–120(1) is to discourage litigation, since the statute requires the defendant to be notified of the plaintiff's claim against defendant for at least ten days before a complaint can even be filed. In the event that a complaint is filed, the statute again encourages early settlement by requiring that the pleadings warn the parties that this statute will be invoked for mandatory attorney fees. Notification at a later date simply does not comply with I.C. § 12–120(1) or meet the substantive goal of early settlement.

Indeed, the facts of this case illustrate the weakness of Cox's argument. On August 17, 1992, Mueller submitted to Cox special interrogatories, requesting Cox to specify all damages claimed. Cox answered as to some of the damages claimed. Mueller learned of Cox's full claim and that Cox would seek I.C. § 12–120(1) attorney fees only after Mueller filed a Motion to Compel and the trial court ordered Cox's counsel to comply with Mueller's discovery request. This occurred nineteen days before trial, completely thwarting the purposes of the time frame in I.C. § 12–120(1). We therefore conclude that a plaintiff must comply with the literal mandate of I.C. § 12–120(1) to be awarded attorney fees upon prevailing. If the pleading requirement prejudices a personal injury or other claimant, this is a result of the wording of I.C. § 12–120(1) and is a matter for the legislature, not this Court.

Since I.C. § 12–120(1) and our decision in *Pancoast* place a premium on the pleadings, statements made during a litigant's closing argument should not be construed as a waiver of a prevailing party's entitlement to attorney fees under this statute. The district court in this case erred in so holding. If a litigant, after pleading the statute and damages of $25,000 or less, offers evidence of greater damages, the district court has wide discretion in permitting amendment of the pleadings to conform to the proof. *See Obray v. Mitchell,* 98 Idaho 533, 537, 567 P.2d 1284, 1288 (1977) (citations omitted). A closing argument on its own, however, does not warrant amendment of the pleadings.

## CONCLUSION

We affirm the district court's denial of Cox's motion for attorney fees pursuant to I.C. § 12–120(1). Since I.C. § 12–120(1) was not properly pled in this case, we award no attorney fees on appeal pursuant to this statute. Costs to Mueller.

JOHNSON, TROUT and SILAK, JJ., and WOODLAND, J. Pro Tem., concur.