128 P.3d 893

Lloyd E. COX, Plaintiff-Appellant,

v.

Valorie L. MULLIGAN and Charles
Cates, Defendants–
Respondents.

No. 30940.

Supreme Court of Idaho,
Twin Falls, November 2005 Term.

Nov. 22, 2005.

Rehearing Denied Feb. 9, 2006.

Parsons, Smith & Stone, Burley, for appellant. William A. Parsons argued.

Montgomery Law Offices and Wilbur T. Nelson, Boise, for respondents. Wilbur T. Nelson argued.

EISMANN, Justice.

This is an appeal from the district court's refusal to award the prevailing plaintiff attorney fees pursuant to Idaho Code § 12–120(4). We reverse the district court and award attorney fees on appeal.

## I. ANALYSIS

While driving a car owned by Charles Cates, Valorie Mulligan collided with the rear of Lloyd Cox's car, injuring him. He sued Ms. Mulligan and Mr. Cates, and the jury awarded him $2,287.05 in special damages and $6,000.00 in general damages, for a total award of $8,287.05. Following the jury trial, Cox requested an award of attorney fees pursuant to Idaho Code § 12–120(4). The district court denied the award because Cox did not include in his complaint an allegation that his damages did not exceed $25,000. In his complaint, he sought "[s]pecial damages of $2,640.61 and such further amount as may be proved at trial" and "[g]eneral damages as proved at trial." We reverse because Idaho Code § 12–120(4) does not require that plaintiff plead damages of $25,000.00 or less.

In denying the award of attorney fees, the district court relied upon *Cox v. Mueller*, 125 Idaho 734, 874 P.2d 545 (1994). In that case we reconciled Idaho Code § 12–120(1),[1]

1. At the time *Cox v. Mueller* was decided, Idaho Code § 12–121(1) included a provision stating, Except as provided in subsection (3) of this section, in any action where the amount plead-

ed is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the

which permitted an award of attorney fees where "the amount pleaded" was $25,000 or less, and Idaho Code § 5–335,[2] which prohibited pleading the specific amount of damages claimed in a personal injury action. We held that although § 5–335 prohibited alleging a specific dollar amount as damages, a plaintiff could comply with § 12–120(1) by alleging that the damages sought were $25,000 or less. We upheld the denial of attorney fees in *Cox v. Mueller* because the plaintiff had simply requested an award of special and general damages without also alleging that the damages sought did not exceed $25,000. *Cox v. Mueller* does not apply to the instant case, however, because this case involves subsection (4) of Idaho Code § 12–120, not subsection (1).

█ Subsection (1) applies "in any action where the amount pleaded is twenty-five thousand dollars ($25,000) or less." Subsection (4) applies "where the amount of plaintiff's claim for damages does not exceed twenty-five thousand dollars ($25,000)." The pleading requirement of subsection (1) would apply to subsection (4) only if the phrase "the amount of plaintiff's claim for damages" is synonymous with the phrase "the amount

pleaded." An examination of subsection (4) shows that it is not.[3]

For the plaintiff to be awarded attorney fees under subsection (4), a "written demand for payment of the claim and a statement of claim must have been served on the defendant's insurer, if known, or if there is no known insurer, then on the defendant, not less than sixty (60) days *before the commencement of the action.*" (Emphasis added). An action is commenced by the filing of a complaint. *Driver v. SI Corp.*, 139 Idaho 423, 80 P.3d 1024 (2003). Therefore, the "written demand for payment of the claim" cannot refer to anything that is pled in the complaint.

Subsection (4) only applies where "the amount of plaintiff's claim for damages does not exceed twenty-five thousand dollars ($25,000)." The statement of claim served at least sixty days before the lawsuit is filed must include "[a]n itemized statement of each and every *item of damage claimed* by the plaintiff including the *amount claimed* for general damages and [five specific] items of special damages." (Emphasis added). These references to the "item of damage claimed" and "amount claimed" or general

---

action, a reasonable amount to be fixed by the court as attorney fees.

2. Idaho Code § 5–335 includes a provision stating,

In any action for recovery because of personal injury or death, the claim for relief shall not specify the amount of damages claimed, but shall, instead, contain a general allegation of damage and shall state that the damages claimed are within any minimum or maximum jurisdictional limits of the court to which the pleading is addressed.

3. Idaho Code § 12–120(4) provides:

(4) In actions for personal injury, where the amount of plaintiff's claim for damages does not exceed twenty-five thousand dollars ($25,-000), there shall be taxed and allowed to the claimant, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees. For the plaintiff to be awarded attorney's fees for the prosecution of the action, written demand for payment of the claim and a statement of claim must have been served on the defendant's insurer, if known, or if there is no known insurer, then on the defendant, not less than sixty (60) days before the commencement of the action; provided that no attorney's fees shall be allowed to the plain-

tiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety percent (90%) of the amount awarded to the plaintiff.

The term "statement of claim" shall mean a written statement signed by the plaintiff's attorney, or if no attorney, by the plaintiff which includes:

(a) An itemized statement of each and every item of damage claimed by the plaintiff including the amount claimed for general damages and the following items of special damages: (i) medical bills incurred up to the date of the plaintiff's demand; (ii) a good faith estimate of future medical bills; (iii) lost income incurred up to the date of the plaintiff's demand; (iv) a good faith estimate of future loss of income; and (v) property damage for which the plaintiff has not been paid.

(b) Legible copies of all medical records, bills and other documentation pertinent to the plaintiff's alleged damages.

If the plaintiff includes in the complaint filed to commence the action, or in evidence offered at trial, a different alleged injury or a significant new item of damage not set forth in the statement of claim, the plaintiff shall be deemed to have waived any entitlement to attorney's fees under this section.

and special damages show that the "amount of plaintiff's claim for damages" is the amount set forth in the statement of claim, not the amount pled in the complaint.

Under subsection (4) of Idaho Code § 12–120, the allegations in the complaint are relevant only if they include a different alleged injury or a significant new item of damage not set forth in the statement of claim. The last sentence of subsection (4) provides that in such circumstance, the plaintiff will be deemed to have waived any entitlement to attorney fees under that section.

The Defendants contend that the wording of subsection (1) indicates that its pleading requirement also applies to subsection (4). They point to the first sentence, which states, "Except as provided in subsections (3) and (4) of this section, in any action where the amount pleaded is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party … a reasonable amount … as attorney's fees." The phrase "[e]xcept as provided in subsections (3) and (4) of this section" shows that those subsections are exempted from the pleading requirement of subsection (1), not incorporated into it. That is consistent with how we have interpreted Idaho Code § 12–120. We have not held that the pleading requirement of subsection (1) applies to the awarding of attorney fees under subsection (3). *Lettunich v. Key Bank Nat'l Ass'n,* 141 Idaho 362, 109 P.3d 1104 (2005); *Gunter v. Murphy's Lounge, L.L.C.,* 141 Idaho 16, 105 P.3d 676 (2005); *Meikle v. Watson,* 138 Idaho 680, 69 P.3d 100 (2003). If the first sentence of subsection (1) does not make its pleading requirement applicable to subsection (3), then it likewise does not make it applicable to subsection (4).

The Defendants argue that the pleading requirement of subsection (1) is essential to put defendants on notice that the plaintiff is seeking attorney fees. We disagree. Under subsection (1), the complaint would include an allegation that the damages sought do not exceed $25,000.00. Under subsection (4), the statement of claim would include an itemized list of damages that did not exceed $25,000.00. The allegation in the complaint required by subsection (1) would not provide any greater notice than the allegations in the statement of claim served under subsection (4).

The Defendants moved to disallow Mr. Cox's request for attorney fees on three grounds: (1) his complaint did not allege that the damages sought did not exceed $25,000.00; (2) his statement of claim did not comply with the statute; and (3) the documents he submitted in support of his claim for attorney fees did not include the medical bills included with his statement of claim. We have already rejected their first ground for disallowing Mr. Cox's requested attorney fees. We will now consider the other two.

■ The Defendants contend that Mr. Cox's statement of claim did not comply with Idaho Code § 12–120(4), which requires that a statement of claim include:

(a) An itemized statement of each and every item of damage claimed by the plaintiff including the amount claimed for general damages and the following items of special damages: (i) medical bills incurred up to the date of the plaintiff's demand; (ii) a good faith estimate of future medical bills; (iii) lost income incurred up to the date of the plaintiff's demand; (iv) a good faith estimate of future loss of income; and (v) property damage for which the plaintiff has not been paid.

(b) Legible copies of all medical records, bills and other documentation pertinent to the plaintiff's alleged damages.

In this case, on June 12, 2002, Mr. Cox's attorney submitted a letter to the Defendants' insurer in which he demanded $11,645.90 to settle Mr. Cox's claim. The letter, addressed to the insurance adjuster, included the following:

As you know, on July 12, 2001, your insured slammed into the back of Lloyd Cox, causing damage to his car, which you subsequently paid for, and caused Mr. Cox to have injury to his neck and lower back.

Mr. Cox is now about a year from the accident and he still has pain in the neck with less pain in the back. Obviously, he doesn't have a lot of objective medical injuries, and most of them are subjective.

I am enclosing a report from Dr. Peterson concerning his patient.

He has incurred these medical expenses for which I enclosed billings. The doctor bill is $126.00, although I believe there is one additional office visit that is not included, and the hospital bill of $1,519.90.

It is well established in tort law that the tortfeasor takes the victim as he finds him. In this case, we have a gentleman who is over ninety years of age and is entitled to finish his life without pain or interference from some inattentive driver. It is our opinion that in addition to the specials, heretofore noted, that a settlement of $10,000.00 would be reasonable for Mr. Cox to compensate him for his pain, suffering and inconvenience that he has sustained as a result of the negligence of your insured.

On October 8, 2002, Mr. Cox's attorney sent the insurer a second letter in which he enclosed two additional medical bills, one for physical therapy and one for office calls. The amounts of those bills are not shown in the record. The letters complied with subsection (4)'s requirements for a statement of claim. They included an itemized statement of each item of damage claimed, both special damages and general damages, and enclosed copies of the medical bills and the doctor's report. The Defendants have not identified any specific requirement missing from Mr. Cox's statement of claim. He did not have to list items of special damage, such as lost income or property damage, for which he was not seeking to recover.

The Defendants also objected on the ground that the documents submitted by Mr. Cox in support of his claim for attorney fees did not include the medical bills enclosed in the letters sent to the insurer. They argue that if a plaintiff does not include those bills, "[t]here is . . . no basis upon which the Court may determine, or the defense may argue, that items of damage may have been included in the trial evidence beyond those submitted to the insurer." They do not assert that Mr. Cox did offer evidence at trial of a significant new item of damage not set forth in his statement of claim. They simply contend that they cannot know whether he did

so unless he submits those medical bills with his claim for attorney fees. We see no reason to impose such a requirement upon plaintiffs who are seeking attorney fees under subsection (4). If the Defendants thought that Mr. Cox may have offered evidence at trial of a significant new item of damage not included in his statement of claim, they could ask their insurer to send them copies of the documents enclosed in the letters he sent to the insurer.

None of the Defendants' objections to Mr. Cox's request for attorney fees had merit. He was therefore entitled to an award of attorney fees in the district court pursuant to Idaho Code § 12–120(4). We reverse the order of the district court denying that request for attorney fees.

Mr. Cox also requests attorney fees on appeal pursuant to Idaho Code § 12–120(4). We have held that both subsections (1) and (3) of Idaho Code § 12–120 mandate an award of attorney fees to the prevailing party on appeal as well as at trial. *Downey Chiropractic Clinic v. Nampa Restaurant Corp.*, 127 Idaho 283, 900 P.2d 191 (1995). The language of subsection (4) is also mandatory. Therefore, Mr. Cox is also entitled to an award of attorney fees on appeal pursuant to Idaho Code § 12–120(4).

## II. CONCLUSION

The order of the district court denying Cox's request for an award of attorney fees under Idaho Code § 12–120(4) is reversed, and this case is remanded to the district court to award Mr. Cox a reasonable attorney fee for his attorney's services in the district court. We award Mr. Cox costs on appeal, including attorney fees.

Chief Justice SCHROEDER and Justices TROUT, BURDICK and JONES concur.