**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51277**

| | |
|---|---|
| TLC LANDSCAPE, LLC, | ) |
| | )    **Filed:  October 4, 2024** |
| Plaintiff-Respondent, | ) |
| | )    **Melanie Gagnepain, Clerk** |
| v. | ) |
| | )    **THIS IS AN UNPUBLISHED** |
| JAMES K. MALLETT, | )    **OPINION AND SHALL NOT** |
| | )    **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge.  Hon. Michael McLennan, Magistrate.

Final judgment of the district court on intermediate appeal from the magistrate court, <u>affirmed</u>.

James Mallett; Eagle, pro se appellant.

William L. Mauk, Boise, for respondent.

_____

HUSKEY, Judge

James K. Mallett appeals from the final judgment of the district court affirming the verdict of the jury and awarding attorney fees on appeal.  Mallett argues various employees of TLC Landscape, LLC (TLC) and TLC's attorney committed perjury during the trial.  TLC contends Mallett provided no authority or argument challenging the district court's decision, the allegation of perjury was unsupported and unfounded, and the appellate courts are not the proper forum for adjudication of criminal complaints.  For the following reasons, we affirm the decision of the district court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Mallett hired TLC for landscaping services to cure drainage issues in his backyard where water intruded into the crawlspace.  Mallett and Todd Waggoner, the owner of TLC, discussed and negotiated the scope of the project.  Mallett had ideas regarding the design elements that would

1

cure the problem, while Waggoner utilized his professional knowledge to suggest designs. Ultimately, Mallett and Waggoner agreed to the scope and terms of the project. Mallett and Waggoner discussed the project extensively as the project progressed. TLC completed the project and sent an invoice in the amount of $5,377.64 to Mallett. Mallett did not pay the invoice.

Both Mallett and TLC filed suit in small claims court, each seeking $5,000, the maximum recovery amount in small claims court. TLC filed suit to collect on the outstanding invoice. Mallett filed suit to collect payment for damage to his property and time spent fixing mistakes caused by TLC. A bench trial was held. On TLC's suit, the magistrate court entered judgment in favor of TLC for $5,000 and costs in the amount of $138. On Mallett's suit, the magistrate court found in favor of TLC and denied Mallett's claim for damages. Mallett appealed both judgments. The cases were consolidated for a trial de novo. A trial was held on claims of breach of contract, implied-in-fact contract, and unjust enrichment. The jury found in favor of TLC on all claims. Mallett appealed the judgment, alleged Waggoner and an employee of TLC provided false statements and committed perjury during testimony and that TLC's attorney provided false statements and committed perjury during opening arguments.

The district court, on intermediate appeal, held it lacked jurisdiction to review Mallett's allegations of criminal perjury in an appeal from a verdict in a civil case. It further held Mallett waived his claim that TLC made false statements in its opening statements because Mallett did not object in the trial court and, as a result, did not preserve his claim for appeal. The district court noted that even if Mallet had preserved his claim, opening statements are not evidence and the jury was so instructed. The district court held that it would not compare the testimony from the small claims case to the testimony in the trial de novo because the statements from the small claims case were not introduced at the trial and, thus, could not be considered on appellate review. Finally, the district court noted that it could not, and would not, reweigh the evidence or consider the credibility of the witnesses when acting in its appellate capacity. The district court awarded attorney fees and costs to TLC as the prevailing party on appeal. Mallett appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's

2

conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id.* Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

Whether a court lacks jurisdiction is a question of law over which this Court exercises free review. *Bach v. Miller*, 144 Idaho 142, 145, 158 P.3d 305, 308 (2007).

## III.

## ANALYSIS

Mallett asserts the district court erred in affirming the jury verdict and awarding attorney fees on intermediate appeal. Mallett alleges that the owner of TLC, an employee of TLC, and TLC's legal counsel committed perjury and provided false statements to the court, causing the factfinders to be confused as to the nature of the agreement and actions of the parties. Mallett argues that for those reasons, TLC should not be awarded attorney fees. TLC argues Mallett's claims do not fall within the jurisdiction of the appellate courts and are not supported by argument and authority. TLC asserts the appeal is frivolous and attorney fees should be affirmed.

Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

> Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. This Court will not search the record on appeal for error. Consequently, to the extent that an assignment of error is not argued and supported in compliance with the I.A.R., it is deemed to be waived.

*Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (citations omitted).

Mallett raises nearly identical arguments in this appeal as he did in his intermediate appeal to the district court. The district court addressed each argument and explained why Mallett's claims failed. The district court concluded that Mallett failed to articulate any claims that are reviewable on appeal. We agree.

3

Regarding Mallett's claim of perjury, this Court must have appellate jurisdiction over a claim before it can reach the claim's merits. *See Martin v. Soden*, 80 Idaho 416, 419, 332 P.2d 482, 483 (1958). Thus, the question of this Court's jurisdiction comes before all other questions, which includes the district court's subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Mallett alleges witnesses and counsel provided false and contradictory statements while testifying, but Mallett does not cite any authority or present cogent argument to explain how this Court has the authority to determine, in the first instance, whether a crime has been committed. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Moreover, Mallett's claims seem to rest on a comparison between testimony given in the small claims action and the testimony in the trial de novo. The testimony from the small claims case was not introduced in the trial de novo and, thus, was not part of the record on intermediate appeal. The district court could only consider the evidence in the record on intermediate appeal. *See Obenchain v. McAlvain Const., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006) (reiterating that appellate court review is limited to evidence, theories, and arguments that were presented below).

Additionally, although Mallett cites the Idaho statutes for perjury and unqualified statements of unknown fact as support for his claims of perjury, his argument nonetheless fails. For example, he alleges TLC's attorney committed perjury by making false statements to the jury, but the attorney was not under oath and statements made by the attorney are not evidence. *See Bennett v. Patrick*, 152 Idaho 854, 859, 276 P.3d 726, 731 (2012) (noting, "[a]rgument by an attorney is not evidence"). As to various statements made by other witnesses, Mallett invites this Court to reweigh the evidence and credibility of the witnesses. We decline to do so. *See Neustadt v. Colafranceschi*, 167 Idaho 214, 227, 469 P.3d 1, 14 (2020) (holding appellate courts in Idaho do not reweigh evidence).

In the conclusion section of his opening brief, Mallett challenges the award of attorney fees because, "No [Judgment], or Attorney fees should be awarded to the Parties that broke the sworn oath to tell the truth in the Courtroom." The district court held it had authority to award attorney fees to the prevailing party under I.C. §§ 12-120(3) and 12-121. Idaho Code § 12-120(3) provides recovery of attorney fees in contract actions and I.C. § 12-121 permits a court to award fees to the prevailing party if a claim or appeal is brought, pursued, or defended frivolously. The district court

4

determined the underlying claim was a contract action and Mallett pursued the appeal without support in fact or law and, therefore, the court awarded TLC attorney fees and costs. On appeal, Mallett does not challenge any of the grounds upon which attorney fees were awarded. A party waives an issue on appeal if either argument or authority is lacking. *Powell*, 130 Idaho at 128, 937 at 440. Thus, Mallett has waived any challenge to the award of attorney fees on intermediate appeal.

Last, TLC requests attorney fees and costs for this appeal, arguing it was frivolously and unreasonably pursued, citing I.C. § 12-120(3), I.C. § 12-121, and Idaho Appellate Rule 41, which permits the award of attorney fees on appeal. Mallett did not respond to TLC's request for attorney fees on appeal. Mallett pursued an appeal without a basis or foundation in law, failed to support his arguments with facts or authority, and failed to address TLC's request for attorney fees. As a result, TLC is entitled to its attorney fees and costs on appeal pursuant to I.C. § 12-121 and I.A.R. 41.

## IV.

## CONCLUSION

Mallett failed to provide adequate authority and argument for his claims. He further pursued this appeal frivolously and without a foundation in law. Therefore, we affirm the final judgment of the district court. Attorney fees and costs on appeal are awarded to TLC.

Chief Judge GRATTON and Judge TRIBE **CONCUR**.